SUMMONS ISSUED

CV-12 0171

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BARBARA A. BAUMGARTEN,

                    Plaintiff,

                 -against-

SUFFOLK COUNTY, SUFFOLK COUNTY POLICE
DEPARTMENT, SUFFOLK COUNTY P.O. LINDA
LOLLO, sued herein individually and in her official
capacity, P.O. ___ RAPPERGER, sued herein in
his individual and official capacity, P.O. ___
Maresca sued herein in his individual and official
capacity, Sgt. ___ KEARNS of the Suffolk County
Police Department  sued herein in his individual
and official capacity, Town of Brookhaven, and
Raymond Negron, sued herein in his individual and
official capacities,

                 Defendants.
-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D N Y

★  JAN 13 2012  ★

LONG ISLAND OFFICE
Case No. 11-CV-

WEXLER, J.
TOMLINCON, M
Verified Complaint

Plaintiff Demands
Jury Trial

    Plaintiff, BARBARA A. BAUMGARTEN (hereinafter "plaintiff" or "Baumgarten") by her attorneys, the Law Office of Vincent R. Fontana, P.C., as and for her complaint against defendants, specifically sets forth and alleges, upon information and belief, the following:

### I. Preliminary Statement

    1. This is an action for damages and declaratory and injunctive relief brought by plaintiff Baumgarten under 42 U.S.C. § 1983 to address defendants' violation of plaintiff's federally protected civil rights. Through defendants' actions

1

as alleged herein, plaintiff has been deprived of rights owing under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of New York.

2. In this civil rights action plaintiff seeks to recover damages for her unlawful arrest, false imprisonment, malicious prosecution and assault by a Police Officer during the course of an illegal arrest. This action is also based on allegations that the defendants engaged in the use of excessive force while plaintiff was in the custody of the Suffolk County Police Department.

3. At all relevant times defendants acted under color of law pursuant to a custom, policy or procedure established by the County and the Suffolk County Police Department.

4. Plaintiff herein also sues under state common law for personal injuries she suffered, deprivation of her civil rights, false arrest, false imprisonment and malicious prosecution.

## II. Jurisdiction and Venue

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343 as to the federal claims. Supplemental jurisdiction over plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

6. Venue is proper pursuant to 29 U.S.C. § 1391(b)(2) in that the events giving rise to the claims occurred in the Eastern District of New York.

7. Plaintiff has satisfied all conditions precedent to instituting this action by filing a Notice of Claim with defendants Suffolk County, Suffolk County Police Department and the Town of Brookhaven.

8.  More than thirty (30) days have expired since the filing of the Notice of claim and the defendants have failed to adjust or settle said claim.

## III. Parties

9.  Plaintiff resides at 21 Chestnut Street, Centereach, N.Y. 11720 which is within the Eastern District of New York. All the events described in this complaint occurred within the Eastern District of New York.

10.  Defendant, Suffolk County, is a municipal corporation organized and existing under the laws of the State of New York.

11.  Upon information and belief, the Suffolk County Police Department is a subsidiary of Defendant Suffolk County.

12.  Upon information and belief, defendant Police Officer Linda Lollo (hereinafter "Lollo"), was an employee of Suffolk County and the Suffolk County Police Department at all relevant times. Defendant Lollo is sued herein in her individual and official capacity.

13.  Upon information and belief, defendant Police Officer Rapperger (hereinafter "Rapperger") was an employee of Suffolk County and the Suffolk County Police Department at all relevant times. Defendant Rapperger is sued herein in his individual and official capacity.

14.  Upon information and belief, defendant Sergeant Kearns (hereinafter "Kearns") was an employee of Suffolk County and the Suffolk County Police Department at all relevant times. Defendant Kearns is sued herein in his individual and official capacity.

3

15. Town of Brookhaven is a municipal corporation organized and existing under the laws of the state of New York.

16. Upon information and belief, at all relevant times defendant Raymond Negron (hereinafter "Negron") was an employee of the Town of Brookhaven to wit: an Assistant Town Attorney. Mr. Negron is sued herein in his individual and official capacity.

## RELEVANT FACTS

17. Upon information and belief, on or about February 8, 2008 defendants Town of Brookhaven and Raymond Negron falsely caused to be issued a search warrant for premises 21 Chestnut Street, Centereach, New York 11720.

18. Upon information and belief, as a result of the facially false allegations submitted for the search warrant, approximately 24 individuals from the Town of Brookhaven and the 6th Precinct of the Suffolk County Police Department broke into plaintiff's home at a time when no one was home.

19. Upon information and belief, some or all these individuals, in violation of plaintiff's right to privacy and without a warrant, photographed every room in the house including bedrooms, kitchen, and basement storage room, and took photographs of family photos.

20. Upon information and belief, on or about March 19, 2009 the Town and defendant Negron falsified an application for an arrest warrant for plaintiff, allegedly because plaintiff missed a date to appear in court on a Building Code violation.

4

21. Upon information and belief, as a result of the falsely issued application for an arrest warrant, on or about March 26, 2009, plaintiff was arrested when she appeared in court concerning the alleged Building Code violations.

22. During the arrest on March 29, 2009 plaintiff was handcuffed and assaulted, without probable cause or justification, by an unknown Court Officer.

23. On or about September 15, 2009 defendants Lollo and Rapperger, both of the Suffolk County Sixth Precinct, without a warrant or probable cause, broke into plaintiff's home at 21 Chestnut Street. At the time of the break-in neither officer identified themselves as police officers nor produced a search warrant. Neither was in uniform. In fact the vehicle they were driving was unmarked to identify it as a police vehicle.

24. During the illegal break-in on September 15, 2009, defendant Lollo assaulted plaintiff by striking her about the head and torso and choking her. In addition defendant Lollo threw plaintiff down a flight of stairs, all without probable cause.

25. As a result of this beating plaintiff suffered a seizure and other physical injuries.

26. Following the beating on September 15, 2009 plaintiff was arrested and transported to the Suffolk County Police Department, 6th Precinct in handcuffs.

27. While at the Sixth Precinct, plaintiff continued to be handcuffed to a bench with her hands behind her back. Notwithstanding plaintiff's frequent

5

requests for an explanation as to why she had been arrested, the only response she received was from defendant Kearns who told plaintiff that: "if I [plaintiff] don't shut my fucking mouth" he was going to take off the cuffs and "throw me against the fucking wall."

28.   During this entire episode plaintiff feared for her life. Furthermore, plaintiff was in so much pain she became unconscious. Upon information and belief, Police Officer Maresca violated plaintiff's right to privacy by taking pictures of her while she was unconscious rather than taking steps to provide her medical attention.

29.   While in the custody of the 6th Precinct of the Suffolk County Police Department plaintiff told the officers she needed to use the restroom. But they refused to allow her to do so. As a result, plaintiff urinated on herself; and because she did not have other clothes, she was forced to stay in her wet clothes for over 24 hours.

30.   At approximately 11:00 P.M. on September 15, 2009 plaintiff was transported to the 4th Precinct where she remained until September 16, 2009.

31.   At the time of her arrest on September 15, 2009 plaintiff was not charged with a crime.

32.   While at the 4th Precinct on September 15-16, 2009, plaintiff was subjected to a "skin crevice search" and then placed in a cold and filthy cell.

33.   At approximately 5:00 A.M. on September 16, 2009 plaintiff was shackled and chained to several other female prisoners and taken to the First District Court, Central Islip to appear before Judge Chris Ann Kelly.

6

34.   When plaintiff appeared before Judge Kelly she recused herself because she had previously represented Ms. Baumgarten in another matter several years before.

35.   Plaintiff eventually appeared before Judge John Iliou who sent her back to Riverhead jail allegedly because plaintiff had refused to be photographed and fingerprinted. However, plaintiff never refused to be photographed or fingerprinted.

36.   While plaintiff was being transported to the Riverhead jail she was again handcuffed behind her back. Although plaintiff frequently complained the cuffs were too tight, no officer took any action to relieve the pressure.

37.   While at the Riverhead jail plaintiff was denied food for two days, photographed again, and strip-searched again.

38.   Because of defendants' conduct, plaintiff became very ill while at the Riverhead jail and started to vomit.

39.   Until plaintiff appeared before Judge John Toomey on September 16, 2009 she was not told why she was arrested in the first place. At that time plaintiff was advised she was arrested for resisting arrest and for allegedly missing a court date in a civil matter involving an alleged Building Code violation. However, plaintiff had never failed to appear in court on the matter in question. The false charge was made by defendant Negron as Assistant Town Attorney. Judge Toomey then released plaintiff in her own recognance.

40.   On or about October 7, 2009, when plaintiff appeared in Justice James P. Flanagan's court concerning an alleged Building Code violation, she

7

was wrongfully arrested and assaulted by two male Suffolk County Deputy Sheriffs and transported to Riverhead jail.

41. Plaintiff remained in jail until October 22, 2009 because she could not raise bail.

42. As plaintiff was being released on October 22, 2009 from the Riverhead jail. She was promptly re-arrested and taken to the 4th Precinct. She was charged with resisting arrest. Plaintiff was not told at that time when she allegedly resisted arrest.

43. Eventually plaintiff was released on bail by District Court Judge John Iliou.

44. As a result of the foregoing, plaintiff has been rendered sick, sore, lame and disabled, suffering severe pain and suffering which caused plaintiff to be confined to her bed for extensive periods of time and caused her to lose employment opportunities and incur extensive medical treatment.

### AS AND FOR A FIRST
### CAUSE OF ACTION AGAINST
### DEFENDANTS LOLLO, RAPPERGER,
### MARESCA AND KEARNS

45. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "44" as if fully set forth herein.

46. Defendants Lolla, Rapperger, Maresca and Kearns, sued herein individually and in their official capacity as Suffolk County Police officers intended to confine plaintiff and did confine the plaintiff from September 15, 2009 to September 16, 2009 and from October 7, 2009 to October 22, 2009.

47. Said confinement was without probable cause.

8

48. The aforesaid actions of said defendants constitute false arrest and false imprisonment.

49. That said defendants acted outside the scope of their jurisdiction, without authorization of law and with the intent to deprive plaintiff of her right to life, liberty or property without due process of law in violation of plaintiff's rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

**AS AND FOR A SECOND**
**CAUSE OF ACTION AGAINST**
**SUFFOLK COUNTY AND SUFFOLK**
**COUNTY POLICE DEPARTMENT**

50. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "49" as if fully set forth herein.

51. Suffolk County and the Suffolk County Police Department have the responsibility for properly training, supervising and hiring its employees within the department.

52. The failure of the defendants to provide training and supervision regarding the making of proper arrests and lawful use of force employed during the course of an arrest amounts to gross negligence and/or a deliberate indifference to the safety and lives of the citizens of the state of New York.

53. Defendants Suffolk County and the Suffolk County Police Department are directly responsible and liable for the acts of defendants Lollo, Rapperger, Maresca and Kearns because they knowingly failed to enforce the laws of the state of New York and regulations pertaining to arrests and the use of force

thereby creating an atmosphere of lawlessness in which police officers make unauthorized arrests and employ excessive and illegal force in the belief that such acts will be condoned and justified by their superiors.

54.   Upon information and belief, defendants Lollo, Rapperger, Maresca and Kearns had a number of other incidents in which their conduct rose to the same level of negligence and culpability as set forth herein.

55.   Defendants Suffolk County and Suffolk County Police Department were aware of, or should have been aware of, such prior unlawful acts and practices of defendants Lollo, Rapperger, Maresca and Kearns prior to and at the time of plaintiff's unauthorized arrest.

56.   At all times relevant hereto, it was the custom or policy of defendants to fail to train its police officers to properly make arrests and to employ only reasonable force in the course of conducting an arrest.

57.   This policy and custom of the defendants was a proximate cause of plaintiff's injury.

**AS AND FOR A THIRD
CAUSE OF ACTION AGAINST
BROOKHAVEN AND NEGRON**

58.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "57" as if fully set forth herein.

59.   Based on the false allegations of the Town and defendant Negron plaintiff's rights under the United States Constitution have been violated.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

## AS AND FOR A THIRD
## CAUSE OF ACTION AGAINST
## <u>BROOKHAVEN AND NEGRON</u>

58. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "57" as if fully set forth herein.

59. Based on the false allegations of the Town and defendant Negron plaintiff's rights under the United States Constitution have been violated.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

1. On the first claim against the defendants, damages in the amount of $30,000,000.

2. On the second claim against the defendants, damages in the amount of $30,000,000.

3. On the third claim against defendants Town of Brookhaven and Negron, damages in the amount of $30,000,000.00.

4. Punitive damages against the individual defendants and such other, further and different relief as to the Court may seem just and proper, including the reasonable costs and disbursements of this action, together with attorneys' fees pursuant to 42 U.S.C. § 1988.

Dated: Garden City, New York
       January 11, 2012

Law Office of Vincent R. Fontana P.C.

By _____

Vincent R. Fontana (VF6292)
Attorneys for Plaintiff
1010 Franklin Avenue, Suite 200
Garden City, New York 11530
(516) 640-4505

11

## VERIFICATION

STATE OF NEW YORK  )
                       )ss.:
COUNTY OF SUFFOLK   )


       Barbara A. Baumgarten, being duly sworn deposes and says that she is the plaintiff in this action that she has read the foregoing Complaint and knows the contents thereof; that the same is true to the deponent's knowledge, except as to matters therein stated to be alleged upon information and belief; and as to those matters the deponent believes them to be true.


                                          Barbara A. Baumgarten


Sworn to before me this
i l ᵗʰ day of January, 2012

Notary


BARBARA SKIDMORE
Notary Public - State of New York
NO. 01SK6030131 .
Qualified in Suffolk County
My Commission Expires 9-7-2013

12