```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
BARBARA A. BAUMGARTEN,

                        Plaintiff,

         -against-                          MEMORANDUM & ORDER
                                            12-CV-0171(JS)(AKT)
SUFFOLK COUNTY, SUFFOLK COUNTY
POLICE DEPARTMENT, P.O. LINDA
LOLLO, P.O. RAPPERGER, P.O.
MARESCA, SGT. KEARNS, TOWN OF
BROOKHAVEN, and RAYMOND NEGRON,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Barbara A. Baumgarten, pro se
                    P.O. Box 213
                    Holtsville, NY 11742

For Suffolk County
Defendants:         Arlene Zwilling, Esq.
                    Suffolk County Attorney's Office
                    100 Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788

For Town
Defendants:         David H. Arntsen, Esq.
                    Kelly E. Wright, Esq.
                    Devitt Spellman Barrett, L.L.P.
                    50 Route 111
                    Smithtown, NY 11787
```

SEYBERT, District Judge:

Currently, the following motions are pending before the Court: (1) the Town of Brookhaven (the "Town") and former Assistant Brookhaven Town Attorney Raymond Negron's ("Negron" and together with the Town, the "Town Defendants") motion to dismiss (Docket Entry 43); (2) pro se Plaintiff Barbara A.

Baumgarten's ("Plaintiff") motion to file an amended complaint (Docket Entry 59); and (3) Plaintiff's motion for reconsideration of the Court's February 12, 2013 Memorandum and Order denying consolidation (the "Consolidation Order," Docket Entry 62) (Docket Entry 71). For the following reasons, the Town Defendants' motion to dismiss is GRANTED and Plaintiff's motions to amend and for reconsideration are DENIED.

## BACKGROUND

The Court presumes familiarity with the underlying facts of this case, which are detailed in the Court's Consolidation Order. Accordingly, the Court will summarize only those facts relevant to the pending motions. Briefly, Plaintiff commenced this case on January 13, 2012 against Suffolk County, the Suffolk County Police Department, P.O. Linda Lollo, P.O. Rapperger, P.O. Maresca, Sgt. Kearns, and the Town Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983") and the New York State Constitution for false arrest, malicious prosecution, an illegal search, and use of excessive force. At the time of her original Complaint, Plaintiff was represented by counsel.

With respect to the Town Defendants, Plaintiff alleges that on February 8, 2008 the Town Defendants falsely caused a search warrant to be issued at Plaintiff's residence. (Compl. ¶ 17.) Upon execution of that warrant, approximately twenty-four individuals from the Town and the Suffolk County Police

Department broke into Plaintiff's residence while no one was home. (Compl. ¶ 18.) Some or all of those individuals, although Plaintiff does not specify who, then proceeded to photograph Plaintiff's home. (Compl. ¶ 19.) Subsequently, on or about March 19, 2009, the Town Defendants falsified an arrest warrant for Plaintiff claiming that she failed to make a court appearance in connection with a prosecution against Plaintiff. (Compl. ¶ 20.) As a result, Plaintiff was arrested on March 29, 2009 and on several occasions thereafter. (Compl. ¶ 22 et seq.)

Plaintiff's remaining claims relate solely to the additional Defendants.

## DISCUSSION

The Court will address, first, the Town Defendants' motion to dismiss, followed by Plaintiff's motion to amend, and finally Plaintiff's motion for reconsideration.

I. The Town Defendants' Motion to Dismiss[1]

---

[1] Plaintiff's opposition to the motion to dismiss was filed late, in contravention of Magistrate Judge A. Kathleen Tomlinson's specific order that Plaintiff seek leave of Court before filing her untimely opposition brief. (See 1/31/13 Min. Entry, Docket Entry 57, ¶ 2.) In any event, the Court notes that to the extent that Plaintiff seeks to add claims through her briefing, she cannot do so. See Fadem v. Ford Motor Co., 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005) ("It is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs."); O'Brien v. Nat'l Prop. Analysts Partners, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."). Only those claims alleged in the original Complaint, filed by counsel, and those

The Town Defendants move for dismissal of Plaintiff's claims against them on three grounds: (1) Plaintiff's claims are time-barred by the relevant statutes of limitations; (2) Plaintiff has not stated a valid Section 1983 claim against them; and (3) Negron is entitled to absolute immunity. The Court will set forth the relevant standard of review on a motion to dismiss before turning to the merits of the Town Defendants' motion.

A.  Legal Standard

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires

---

accepted by the Court upon Plaintiff's motion to amend, if any, govern.

4

the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

B. The Town Defendants' Motion

1. Statute of Limitations

The Town Defendants preliminarily argue that all of Plaintiff's claims against them are barred by the relevant statutes of limitations. The Court will separately address Plaintiff's state and federal claims.

a. State Law Claims

As to state law claims, General Municipal Law § 50-e requires service of a notice of claim within 90 days after a claim arises "[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation." N.Y. GEN. MUN. LAW § 50-e(1). General Municipal Law § 50-i provides that "the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based." Id. § 50-i(1).

The relevant events with respect to the Town Defendants occurred on February 8, 2008 and March 19, 2009. Plaintiff, however, did not file a Notice of Claim until February 15, 2011, well past the ninety day deadline. (Wright Decl., Docket Entry 43-1, Ex. D.) Furthermore, even if the Court were to consider a possible extension of the time to file

5

a Notice of Claim, the one year and ninety day statute of limitations has expired. Accordingly, the Court cannot extend the period to file the Notice of Claim at this juncture. See In re Dayton, 786 F. Supp. 2d 809, 824-25 (S.D.N.Y. 2011) (holding that it is unclear whether federal court even has jurisdiction to extend time for notice of claim, but in any event, the extension cannot exceed the one year and ninety day statute of limitations); Pilitz v. Inc. Vill. of Rockville Centre, 634 F. Supp. 2d 317, 318 (E.D.N.Y. 2009) ("[T]he submissions presently before the court make clear that this court lacks jurisdiction to grant a request to file a late notice of claim if more than one year and ninety days has passed since accrual of the claim.").

The Town Defendants' motion to dismiss the state law claims is therefore GRANTED, and Plaintiff's state law claims against them are DISMISSED WITH PREJUDICE.

b. Federal Claims

The Town Defendants also argue that Plaintiff's Section 1983 claims based upon the incidents on February 8, 2008 are time-barred. The Court agrees.

To determine the applicable statute of limitations for a Section 1983 claim, a federal court must look "to the law of the State in which the cause of action arose." Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973

6

(2007). The time at which accrual begins, however, "is a question of federal law that is <u>not</u> resolved by reference to state law." <u>Id.</u> at 388 (emphasis in original). Pursuant to New York law, the relevant statute of limitations is three years. <u>See</u> <u>Ormiston v. Nelson</u>, 117 F.3d 69, 71 (2d Cir. 1997); <u>Daniel v. Safir</u>, 175 F. Supp. 2d 474, 479 (E.D.N.Y. 2001); <u>Blankman v. Cnty. of Nassau</u>, 819 F. Supp. 198, 206 (E.D.N.Y. 1993).

Furthermore, when state law is not directly on point, Section 1983 actions "are governed by federal rules conforming in general to common-law tort principles." <u>Wallace</u>, 549 U.S. at 388. Thus, utilizing this standard, a claim's statute of limitations begins to accrue "when the plaintiff has 'a complete and present cause of action.'" <u>Id.</u> (citing <u>Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferber Corp. of Cal.</u>, 522 U.S. 192, 201, 118 S. Ct. 542, 139 L. Ed. 2d 553 (1941)). Here, Plaintiff had a complete and present cause of action relating to the February 8, 2008 events, at the very latest, upon execution of the search warrant in 2008. Accordingly, any such claims arose more than three years prior to commencement of this action.

The Town Defendants' motion to dismiss Plaintiff's Section 1983 claims relating to the February 8, 2008 search warrant is therefore GRANTED, and such claims are DISMISSED WITH PREJUDICE.

7

### 2. Failure to State a Section 1983 Claim

The only remaining issue, then, is whether Plaintiff has adequately stated a Section 1983 claim against the Town Defendants for falsifying an arrest warrant on March 19, 2009. The Town Defendants argue that Plaintiff has not sufficiently alleged a policy or custom, and therefore she cannot maintain an action against the Town. They further maintain that Plaintiff's claims against Negron are vague and conclusory and that Negron is entitled to absolute immunity. The Court will begin first with the claims against the Town.

#### a. Section 1983 Claims against the Town

It is well-established that a municipality such as the Town cannot be held liable under Section 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, --- U.S. ----, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)), cert. denied, --- U.S. ----, 132 S. Ct. 1741, 182 L. Ed. 2d 528 (2012); see also Monell, 436 U.S. at 690-91. "Local governing bodies . . . may be sued

8

for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-691 (internal citations omitted).

Here, while Plaintiff alleges a series of events and purported constitutional violations, she does not put forth any allegation regarding a custom or practice. In fact, the only allegations against the Town at all are that it, and Negron, falsified a search warrant and an arrest warrant (Compl. ¶¶ 17, 20). See Fanelli v. Town of Harrison, 46 F. Supp. 2d 254, 259 (S.D.N.Y. 1999) (a "single incident" related to another "single incident" did not sufficiently allege a custom or practice). Thus, the Complaint is wholly lacking in any allegation that would permit Monell liability against the Town. See Triano v. Town of Harrison, N.Y., 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012) ("Plaintiff's Third Cause of Action, though lengthy, consists of little more than vague, conclusory allegations that the Town permitted, tolerated, and covered up police abuses, while failing to discipline and supervise offending police officers."); Fanelli, 46 F. Supp. 2d at 258 (finding initial complaint to be "woefully deficient" because "[i]t does not allege the existence of any municipal custom or policy"). Accordingly, the Town Defendants' motion to dismiss Plaintiff's

9

Section 1983 claims against the Town is GRANTED and such claims are DISMISSED.

### b. Section 1983 Claims against Negron

Furthermore, the Town Defendants assert that Plaintiff's claims against Negron are conclusory and that Negron is entitled to absolute immunity. The Court agrees that Negron is entitled to absolute immunity.

Plaintiff alleges that on March 19, 2009, Negron falsified an application for Plaintiff's arrest "allegedly because plaintiff missed a date to appear in court on a Building Code violation." (Compl. ¶ 20.) However, the Town Defendants argue that, assuming Negron made an application for Plaintiff's arrest, Negron made such an application in the context of a state court case and in Negron's function as prosecutor, therefore entitling him to absolute prosecutorial immunity.

"It is well settled that state prosecutors have absolute immunity for their actions in initiating and conducting prosecutions." Centenich v. Alden, 11 F. Supp. 2d 238, 241 (N.D.N.Y. 1998) (citing Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). Such immunity applies insofar as counsel undertakes action "pursuant to [his] traditional function as an advocate in the prosecutorial process." Santulli v. Russello, No. 12-CV-1790, 2013 WL 1092582, at *4 (2d Cir. Mar. 18, 2013). Thus, the issue is

10

whether counsel was acting as an advocate or whether counsel was acting pursuant to an investigatory function. Id.; Giraldo v. Kessler, 694 F.3d 161, 166 (2d Cir. 2012) (The "relevant question . . . is whether a reasonable prosecutor would view the acts challenged by the complaint as reasonably within the functions of a prosecutor.").

Preliminarily, the Court notes that Negron, as Assistant Town Attorney, may be entitled to prosecutorial immunity. See Santulli, 2012 WL 1092582, at *4 (holding that Negron was entitled to absolute immunity); Centenich, 11 F. Supp. 2d at 241 (town attorney clothed with absolute immunity in his actions prosecuting the plaintiff for town code violations). Furthermore, and as Plaintiff's own allegation illustrates, Negron's alleged actions were taken pursuant to his role as advocate because they were made during the course of litigation involving Plaintiff. Accordingly, he is entitled to absolute immunity as to Plaintiff's claims. See Peterson v. Tomaselli, 469 F. Supp. 2d 146, 161 (S.D.N.Y. 2007) (prosecutor entitled to absolute immunity against claims that he falsely obtained a bench warrant); see also Waggy v. Spokane Cnty. Wash., 594 F.3d 707, 712 (9th Cir. 2010) ("Contrary to Waggy's assertions, DPA Fitzgerald's motion for a bench warrant . . . was not an investigative act undertaken by DPA Fitzgerald."); Wolfe v. Perry, 412 F.3d 707, 722 (6th Cir. 2005) (granting county

11

prosecutor absolute immunity for allegations of preparation of a false bench warrant).

Thus, the Town Defendants' motion to dismiss Plaintiff's Section 1983 claims against Negron is GRANTED and any such claims are DISMISSED WITH PREJUDICE.

II. Plaintiff's Motion to Amend the Complaint

Plaintiff also moves to file an Amended Complaint, this time without the aid of counsel. (Docket Entry 59.) It is unclear exactly what claims or parties Plaintiff seeks to add. However, as best as the Court can discern, Plaintiff seeks: (1) to add a claim against Judge James P. Flanagan and Judge Stephen I. Ukeiley for their criminal conduct in connection with Plaintiff's arrests and prosecution; (2) to add Assistant Town Attorneys David Moran, Ira Barry, and Jennifer Iutzer[2] and "town investigator" Amanda Piccione for false allegations made in 2008 in connection with search warrants (Proposed Amended Complaint ("PAC"), Docket Entry 59-1, ¶¶ 7-8); (3) to add a claim that Defendants violated her constitutional rights in various ways in prosecuting Plaintiff for Town Code violations (PAC ¶¶ 9-14, 21-23, 25, 28-29); (4) to add a claim that Defendants unlawfully trespassed on her property on February 8, 2008 (PAC ¶ 16); and (5) to add claims against Negron for falsifying additional

---

[2] The PAC does not make clear whether Ms. Iutzer is an Assistant Town Attorney or a "building inspector."

12

warrants and/or court documents (PAC ¶¶ 19, 24).[3] The Proposed Amended Complaint also discusses the September 15, 2009 assault (PAC ¶ 20), but generally is duplicative of the original Complaint.

A. Legal Standard

Courts should grant leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. See Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001). To determine whether an amended claim is futile, courts analyze whether the proposed pleading would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeal, 282 F.3d 83, 88 (2d Cir. 2002).

B. Plaintiff's Motion to Amend

Where possible, the Court will address Plaintiff's proposed additions or amendments to the Complaint collectively.

First, the Court notes that many of Plaintiff's proposed additions are time-barred. For example, as previously

---

[3] Although attachments to the Proposed Amended Complaint also discuss the Americans with Disabilities Act, the Proposed Amended Complaint itself does not contain any allegations regarding such a claim. Moreover, insofar as Plaintiff seeks to re-allege her Monell claims, the Proposed Amended Complaint again does not discuss any purported policy or practice, and is DENIED for the same reasons previously discussed.

13

discussed, Plaintiff's claims based upon events in 2008 are time-barred. See supra pp. 7-8. Accordingly, Plaintiff's motion to add David Moran, Ira Barry, Jennifer Iutzer, Amanda Piccione as defendants and for a claim of trespass is DENIED.[4] See Herrington v. Verrilli, 151 F. Supp. 2d 449, 460 (S.D.N.Y. 2001) (noting that there is a three-year statute of limitations on trespass claims under New York law).

Second, to the extent that Plaintiff seeks to include additional claims against Negron, such claims are barred by prosecutorial immunity for the reasons stated above. See supra pp. 10-12.

Third, to the extent that Plaintiff asks that this Court "immediately open a criminal investigation into the actions of District Court Judge James P. Flanagan and District Court Judge Stephen I[.] Ukeiley" (Docket Entry 59 at 3[5]), the Court cannot afford such relief. See Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Esposito v. New

---

[4] To the extent that the Complaint can be read to allege a claim of conspiracy pursuant to 42 U.S.C. § 1985, such claims are also subject to a three-year statute of limitations. See Blankman, 819 F. Supp. at 206. As the Proposed Amended Complaint appears to discuss conspiracy in the context of events in 2008, any purported Section 1985 claim would be time-barred.
[5] This page number refers to that provided by the Electronic Case Filing System.

14

York, 355 F. App'x 511, 512-13 (2d Cir. 2009). Accordingly, Plaintiff's motion to amend in this respect is DENIED.[6]

Finally, Plaintiff's claims regarding constitutional violations in connection with a state court action, which Plaintiff describes as "case dkts brto 512-08" (PAC ¶ 18) (the "State Court Action"), any amendment to add these claims would be futile. Plaintiff essentially asserts that Defendants deprived her of due process and a fair trial in the State Court Action. (See PAC ¶ 29 ("Through the conduct set forth above, including but not limited to defendants['] conduct in denying plaintiff access to fair and honest court proceedings, all defendants . . . have engage[d] in actions and abuses which violate and deny plaintiff of her constitutional rights . . . .") Such assertions, however, ask that the Court sit as an appellate court to the State Court Action and are therefore barred by the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine "establishes the principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." MacPherson v. Town of Southampton, 738 F. Supp. 2d 353, 362 (E.D.N.Y. 2010). Courts in this Circuit typically apply four

---

[6] Furthermore, and to the extent that any of Plaintiff's submissions can be read to request a motion to stay the instant proceedings pending a criminal investigation, such request is also DENIED. (See Docket Entry 72.)

15

factors to determine whether Rooker-Feldman bars a federal suit, namely that: (1) plaintiff is a state court loser; (2) plaintiff complains of injuries caused by the state court judgment; (3) plaintiff seeks review of the state court judgment; and (4) the state court judgment was rendered before district court proceedings began. Id.

Plaintiff's proposed amendments meet each one of the above criteria. It is clear from Plaintiff's Proposed Amended Complaint that she lost in state court proceedings years before she commenced the instant action in 2012. (See PAC ¶¶ 21, 23, 25 (discussing events from 2007-2011 and a "criminal jury trial" that ended on March 19, 2010). Furthermore, Plaintiff's claims allege injury in that she was denied a fair trial, and accordingly, implicitly asks for the Court's review. Therefore, Rooker-Feldman bars Plaintiff's claims, and her motion to amend in this respect is DENIED.

III. Plaintiff's Motion for Reconsideration of the Consolidation Order

Finally, Plaintiff moves for reconsideration of the Court's Consolidation Order, which denied Plaintiff's request to consolidate the instant action with Plaintiff's case filed under docket number 12-CV-0941 because the cases involved "primarily different defendants, different underlying events, and different time periods." (Consolidation Order at 5.) The Court will

16

first address the relevant legal standard governing motions for reconsideration before turning to the merits of Plaintiff's motion.

A. Legal Standard

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). A motion for reconsideration is appropriate when the moving party believes that the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court.

17

<u>Wechsler v. Hunt Health Sys.</u>, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

    B.  <u>Plaintiff's Motion</u>

Although Plaintiff apparently titles her motion as one for reconsideration, the one-page document presents a summary of documents that Plaintiff has filed, rather than presenting any issues for reconsideration or explaining exactly what Plaintiff seeks that the Court reconsider. Furthermore, Plaintiff has not presented any matters or controlling decisions that the Court overlooked. Rather, she maintains the veracity of her allegations and cites to a list of her submissions.

Accordingly, Plaintiff's motion for reconsideration is DENIED.

<u>CONCLUSION</u>

For the foregoing reasons, the Town Defendants' motion to dismiss Plaintiff's claims against them is GRANTED and Plaintiff's claims against the Town Defendants are DISMISSED WITH PREJUDICE.

Additionally, Plaintiff's motion to amend the Complaint and Plaintiff's motion for reconsideration are DENIED.

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied

18

for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to terminate the Town of Brookhaven and Raymond Negron as defendants in this action and to mail a copy of this Memorandum and Order to the pro se Plaintiff.

                                        SO ORDERED.

                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.

Dated:    July   31  , 2013
          Central Islip, NY