```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
BARBARA A. BAUMGARTEN,

                    Plaintiff,              MEMORANDUM & ORDER
                                            12-CV-0171(JS)(AKT)
         -against-

SUFFOLK COUNTY, SUFFOLK COUNTY POLICE
DEPARTMENT, P.O. LINDA LOLLO, P.O.
RAPPERGER, P.O. MARESCA, SGT. KEARNS,
TOWN OF BROOKHAVEN, and RAYMOND NEGRON,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Barbara A. Baumgarten, pro se
                    P.O. Box 213
                    Holtsville, NY 11742

For Defendants
Suffolk County      Arlene S. Zwilling, Esq.
Defendants:         Suffolk County Attorney's Office
                    H. Lee Dennison Building, 5th Floor
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788


Town Defendants:    David H. Arntsen, Esq.
                    Kelly E. Wright, Esq.
                    Devitt Spellman Barrett, L.L.P.
                    50 Route 111
                    Smithtown, NY 11787
```

SEYBERT, District Judge:

Currently, the following motions are pending before the Court: (1) pro se plaintiff Barbara A. Baumgarten's ("Plaintiff") motion for reconsideration of the Court's July 31, 2013 Memorandum and Order (the "July 2013 Order," Docket Entry 79) (Docket Entry 93); and (2) defendants Town of Brookhaven and

former Assistant Brookhaven Town Attorney Raymond Negron's (together, the "Town Defendants") motion seeking Rule 54(b) certification (Docket Entry 84). For the following reasons, both motions are DENIED.

BACKGROUND

The Court presumes familiarity with the underlying facts of this case, which are detailed in the Court's July 2013 Order granting the Town Defendants' motion to dismiss. Accordingly, the Court will summarize only those facts relevant to the pending motions. Briefly, Plaintiff commenced this case on January 13, 2012 against Suffolk County, the Suffolk County Police Department, P.O. Linda Lollo, P.O. Rapperger, P.O. Maresca, Sgt. Kearns, and the Town Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983") and the New York State Constitution for false arrest, malicious prosecution, an illegal search, and use of excessive force. At the time of her original Complaint, Plaintiff was represented by counsel.

With respect to the Town Defendants, Plaintiff alleges that on February 8, 2008 the Town Defendants falsely caused a search warrant to be issued at Plaintiff's residence. (Compl. ¶ 17.) Upon execution of that warrant, approximately twenty-four individuals from the Town and the Suffolk County Police Department broke into Plaintiff's residence while no one was home. (Compl. ¶ 18.) Some or all of those individuals,

although Plaintiff does not specify who, then proceeded to photograph Plaintiff's home. (Compl. ¶ 19.) Subsequently, on or about March 19, 2009, the Town Defendants falsified an arrest warrant for Plaintiff claiming that she failed to make a court appearance in connection with a prosecution against Plaintiff. (Compl. ¶ 20.) As a result, Plaintiff was arrested on March 29, 2009 and on several occasions thereafter. (Compl. ¶¶ 22, 42.)

On July 31, 2013, this Court issued an Order dismissing all of Plaintiff's claims, both state and federal, against the Town Defendants based upon three grounds: (1) Plaintiff's claims were time-barred by the relevant statutes of limitations; (2) Plaintiff did not state a valid Section 1983 claim against the Town Defendants; and (3) Defendant Negron was entitled to absolute immunity.[1]

As a result of the Court's dismissal, the Town Defendants moved, on January 23, 2014, for an entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b). That motion and Plaintiff's motion for reconsideration of the July 2013 Order dismissing her claims against the Town Defendants are currently pending before the Court.

---

[1] In the July 2013 Order, the Court also denied both Plaintiff's motion to amend the Complaint and her motion for reconsideration of the Court's February 12, 2013 Memorandum and Order denying consolidation.

3

DISCUSSION

The Court will first address the Plaintiff's motion for reconsideration, followed by the Town Defendants' Rule 54(b) motion for final judgment.

I. Plaintiff's Motion for Reconsideration

A. Legal Standard

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). A motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably

be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

B. Plaintiff's Motion

Plaintiff states that the Town Defendants should not have been dismissed from this action because the Court made factual mistakes, failed to consider pivotal evidence, and that the Town Defendants' arguments are meritless. Plaintiff's arguments fail and are not proper grounds for reconsideration because the Court did not overlook any facts or pivotal evidence. In fact, the Court could not have made factual mistakes or ignored evidence because it properly did not consider evidence at the motion to dismiss stage. Rather, the Court granted the Town Defendants' motion to dismiss based on the statute of limitations, Plaintiff's allegations, and immunity. (See July 2013 Order at 6-7, 10, 12.) Furthermore, to the extent that Plaintiff asserts that the Court overlooked pivotal evidence and facts stated in her Amended Complaint, the Court denied Plaintiff's motion to amend. (July 2013 Order at 13-16.)

Finally, the Court notes that Plaintiff raises issues regarding the undersigned's alleged bias and prejudice. These are appropriate arguments for recusal, not reconsideration. In

5

any event, the Court has already rejected Plaintiff's recusal arguments. (See Docket Entry 52.)

Accordingly, Plaintiff's motion for reconsideration is DENIED.

## II. Defendant's Rule 54(b) Motion

The Court thus turns to the Town Defendants' motion for Rule 54(b) certification.

### A. Legal Standard

Rule 54(b) states that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). "Thus, to enter judgment pursuant to Rule 54(b), (1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must finally be decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." Correspondent Servs. Corp. v. J.V.W. Inv. Ltd., 232 F.R.D. 173, 174-75 (S.D.N.Y. 2005) (quoting Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1091 (2d Cir. 1992) (emphases in original)); see also United States v. City of N.Y., No. 07-CV-

6

2067, 2012 WL 314353, at *9 (E.D.N.Y. Feb. 1, 2012), aff'd in part, vacated in part, 717 F.3d 72 (2d Cir. 2013). District courts may exercise their discretion to determine that there is no just reason for delay. See City of New York, 2012 WL 314353, at *9; see also Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8, 100 S. Ct. 1460, 1465, 64 L. Ed. 2d 1 (1980) ("It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised in the interest of sound judicial administration." (internal quotation marks and citations omitted)).

Rule 54(b) is an "exception to the general principle that a final judgment is proper only after all claims have been adjudicated, and allows the aggrieved party to take an immediate appeal on the certified claims." Samtani v. Cherukuri, No. 11-CV-2159, 2013 WL 2181037, at *1 (E.D.N.Y. May 20, 2013) (internal quotation marks and citation omitted). Therefore, "[c]ertification under Rule 54(b) should be granted only if there are interests of sound judicial administration and efficiency to be served or, in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Id. at *2 (internal quotation marks and citations omitted); accord Hogan

7

v. Consol. Rail Corp., 961 F.2d 1021, 1025 (2d Cir. 1992). "In this regard, [t]o be appropriate, a Rule 54(b) certification must take account of both the policy against piecemeal appeals *and* the equities between or among the parties." In re Gentiva Sec. Litig., --- F. Supp. 2d ----, 2014 WL 814952, at *3 (E.D.N.Y. Mar. 3, 2014) (alteration and emphasis in the original) (internal quotation marks and citations omitted).

Even though Rule 54(b) allows district courts to order the entry of a final partial judgment if it determines that "there is no just reason for delay," FED. R. CIV. P. 54(b), certification should not be granted routinely, see Curtiss-Wright Corp., 446 U.S. at 10, 100 S. Ct. at 1466, ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely.").

B. Analysis/Defendants' Motion

Here, although the first two elements of Rule 54(b) certification are met, the third is lacking. First, there are multiple claims as well as multiple parties given the presence of the Town Defendants and additional Suffolk County defendants (the "County Defendants"). Second, at least one claim herein is final and the Town Defendants have been dismissed. See, e.g., Newspaper & Mail Deliverers Union of N.Y. & Vicinity v. United Magazine Co., 829 F. Supp. 561, 565 (E.D.N.Y. 1993) (finding

8

that dismissal based on statute of limitations grounds was final).

<u>Third</u>, however, the Court cannot hold that there is no just reason for delay. In making this determination, the Court must determine whether the claims against the Town Defendants are separable and extricable from the remaining claims. <u>See</u> <u>TADCO Constr. Grp. Corp. v. Dormitory Auth. of New York</u>, No. 08-CV-0073, 2012 WL 3011735, at *4 (E.D.N.Y. July 23, 2012) (Courts have "'repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated.'" (quoting <u>Novick v. AXA Network, LLC.</u>, 642 F.3d 304, 311 (2d Cir. 2011))); <u>Ginett</u>, 962 F.2d at 1096 ("When the claims are separable or extricable from each other, there is generally no reason to disturb the District Court's exercise of its discretion.") (internal quotation marks and citation omitted). Claims are generally treated as separable within the meaning of Rule 54(b) "if they involve at least some different questions of fact and law and could be separately enforced, or if different sorts of relief are sought." <u>Advanced Magnetics, Inc. v. Bay Front Partners, Inc.</u>, 106 F.3d 11, 21 (2d Cir. 1997) (internal quotation marks and citation omitted). Only those claims "inherently inseparable and inextricably interrelated to each other are inappropriate for Rule 54(b) certification." <u>Ginett</u>, 962 F.2d at 1096

9

(internal quotation marks and citation omitted).

At first blush, it appears that the claims are separable. Many of Plaintiff's allegations address separate incidents involving only one set of defendants or the other over the course of particularized time periods. However, the February 2008 incident involved both the Town Defendants and the County Defendants. Plaintiff alleges that both sets of defendants "broke into [P]laintiff's home at a time when no one was home" and "in violation of [P]laintiff's right to privacy and without a warrant, photographed every room in the house . . . ." (Compl. ¶¶ 18-19.)

The Court dismissed these claims against the Town Defendants as time-barred by the statute of limitations. (July 2013 Order at 7.) The County Defendants, though, did not move on this ground. Theoretically, the Court could find itself in a position to address the issue again in the context of the County Defendants. Likely, the law of the case doctrine would govern. See In re Nassau Cnty. Strip Search Cases, 958 F. Supp. 2d 339, 343 (E.D.N.Y. 2013) ("Under the law of the case doctrine, a decision on an issue made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation." (internal quotation marks and citation omitted)). Nonetheless, the law of the case doctrine allows for an exception if the Court finds that it has erred. See id.; see

also U.S. v. Carr, 557 F.3d 93, 102 (2d Cir. 2009) ("A court's reconsideration of its own earlier decision in a case may . . . be justified . . . [when there is] the need to correct a clear error of law or to prevent manifest injustice."). Though such a finding may not be probable, it is possible.

Moreover, the overlap in allegations implicates piecemeal appeals. If there were to be an appeal regarding Plaintiff's claims against the Town Defendants now, the Court of Appeals would have to consider at least one of these issues again with respect to the County Defendants. See Hudson River Sloop Clearwater, Inc. v. Dep't of Navy, 891 F.2d 414, 418 (2d Cir. 1989) ("[I]t is important to keep in mind the purposes and policies behind the distinct and separate claims requirement of Rule 54(b), namely the desire to avoid redundant review of multiple appeals based on the same underlying facts and similar issues of law.") (citing Curtiss-Wright, 446 U.S. at 8, 100 S. Ct. at 1465).

Accordingly, the Town Defendants' motion pursuant to Rule 54(b) is DENIED.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration and the Town Defendants' motion pursuant to Rule 54(b) are both DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED: August  19 , 2014
Central Islip, New York